## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 10-07359 |
| | ) | |
| OUTDOOR LIGHTING PERSPECTIVE OF ILLINOIS, INC. | ) ) | Chapter 7 |
| | ) | |
| | ) | Honorable Bruce W. Black |
| | ) | (Joliet) |
| Debtor(s). | ) | |

### FIRST AND FINAL APPLICATION
### OF Digiovine, Hnilo, Jordan & Johnson
### FOR ALLOWANCE COMPENSATION AND EXPENSES

Digiovine, Hnilo, Jordan & Johnson, Certified Public Accountants (the "Firm"), request first and final compensation of **$841.25** and expenses of **$0** for the time period from **March 1, 2011** to **February 17, 2012**. A detail is provided hearing for the Estate, which identifies by subject matter the services performed by the Applicant. Additional detail is provided to reflect the function and individual performing said services. Lastly, each individual's classification and hourly rate is also reflected. In addition, attached is the Affidavit pursuant to Bankruptcy Rule 2016.

### INTRODUCTION

This Court has jurisdiction over this First and Final Fee Application pursuant to 28 USC Sec. 1334. This matter is a core proceeding within the meaning of 28 USC Sec. 157(b). Venue is proper pursuant to 28 USC Secs. 1408 and 1409. The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 USC Secs. 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), the United

{00010413 / 2011 / 000 /}

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 USC Sec. 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's associates and other employees, or (b) any compensation another person or party has received or may receive in these cases.

## GENERAL

Debtor filed a petition under Chapter 7 on or about February 24, 2010. On September 23, 2014, Trustee was subsequently appointed to administer this Case as successor Chapter 7 trustee to Michael Berland and Bradley Waller. On January 13, 2012, Digiovine, Hnilo, Jordan & Johnson was approved by the Court as the accountants for Trustee. Reflected in this Fee Application is the Applicant's time for the preparation of the Estate's tax return for the year ended December 31, 2010.

## FEE APPLICATION

The fees sought by this First and Final Application reflect an aggregate of 4.25 hours of the Firm's time spent and recorded in performing services during the First and Final Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to Trustee or Debtor's Estate, which has already been eliminated by the Firm. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the

value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which first and final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

The Firm has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

The Firm has not shared, or agreed to share, (a) any compensation it has received or may receive with another party or person, other associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by the Firm as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

## BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

### 1.    YEAR-END TAX WORK

The Applicant incurred **4.25** hours in the completion of the preparation of the Estate's year ended workpapers and tax returns. The work also included the following:

- Time to prepare final federal and Illinois income tax returns.

Cost        **$ 841.25**

A recap of compensation for this category for this category is as follows:

| Hours | Rate | Amount |
|---|---|---|
| **0.50** | **235** | **117.50** |

{00010413 / 2011 / 000 /}                                             3

|      |     |        |
|------|-----|--------|
| 2.75 | 245 | 673.75 |
| 1.00 | 50  | 50.00  |
| **4.25** |     | **841.25** |

The Application reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in interest to evaluate this fee request, the Firm has indicated below the range of rates charged by staff level:

| | |
|---|---|
| Principal | $225 - $300 |
| Senior Accountant/Manager | $160 - $200 |
| Staff Accountant | $115 - $155 |
| Clerical | $50 |

2.   EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is the Firm's policy to charge its client only the amount actually incurred by the Firm in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals and lodging.

Postage      **$ 0**

3.   ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the First and Final Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues or tasks

involved. The Firm has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered...and reimbursement for actual, necessary expenses." 11 USC Sec. 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement. In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent and the value of such services, taking into account all relevant factors, including:

a) the time spent on such services;

b) the rates charged for such services;

c) whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 US.C. Sec. 330(a)(3).

In the instant case, the Firm respectfully submits that the services for which it seeks compensation in this First and Final Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. The Firm further submits that the compensation requested herein is

reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

The rates charged by the Firm in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by the Firm were necessary and beneficial to Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance and nature of the issues involved. As shown by this First and Final Fee Application and supporting exhibits, the Firm incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expenses, was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the first and final compensation sought herein for the Compensation Period is warranted.

### 4. CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate. Therefore, the requested first and final compensation of **$ 841.25** and expenses of **$0** should be allowed for services by your Applicant for the period March 1 , **2011 through February 17, 2012.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 10-07359 |
| | ) | |
| OUTDOOR LIGHTING PERSPECTIVE | ) | Chapter 7 |
| OF ILLINOIS, INC. | ) | |
| | ) | Honorable Bruce W. Black |
| | ) | (Joliet) |
| Debtor(s). | ) | |

**AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016**

I, Lee Schwendner, being first duly sworn on oath, depose and state as follows:

1. I am a principal of Digiovine, Hnilo, Jordan & Johnson (the "Firm") and I am authorized to execute this Affidavit on behalf of the Firm. The Firm is the Court-approved accountants for Joji Takada, successor Chapter 7 Trustee in this case ("Trustee").

2. I have read the First and Final Application of the Firm, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. The Firm has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3. The Firm has not previously received payments for services rendered in connection with this case from the Trustee. The Firm has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

FURTHER AFFIANT SAYETH NOT.       _/s/ Lee Schwendner_

Subscribed and Sworn to before me this
19th day of March 2015.

_/s/ Linda J. Williams_
Notary Public

"OFFICIAL SEAL"
LINDA J. WILLIAMS
Notary Public, State of Illinois
My Commission expires 01/06/16

{00010413 / 2011 / 00021420 }

## EXHIBIT A

## ORDER OF EMPLOYMENT

See attached.

## EXHIBIT B

## PERSONNEL

The following represent a description of the primary individuals in this engagement:

<u>Lee Schwendner, Principal, CPA,</u>

Mr. Schwendner has thirty-six years of experience in providing accounting and tax services in public accounting. He is a member of the American Institute of Certified Public Accountants, and the Illinois CPA Society.

## EXHIBIT C

## STAFF LEVELS

<u>SENIOR ACCOUNTANT/MANAGER</u>

After several years of experience, staff accountants are advanced to the senior/ manager level. Senior/managers have administrative and supervisory responsibilities on a broader level than staff accountants and are responsible of notifying partners of engagement progress and any issues which may have occurred.

<u>STAFF ACCOUNTANTS</u>

Staff accountants are primarily responsible for compiling necessary information and the subsequent preparation of tax returns. Individuals at this level are either certified public accountants or applicants to become one.

<u>CLERICAL</u>

Clerical staff assists with basic administrative tasks including copying, record keeping, and other secretarial tasks.

# EXHIBIT D

## ACTUAL TIME FROM TIME SLIPS

See attached.

| Date | Person | Hours | Rate | Total |
|---|---|---|---|---|
| 03/11/11 | Lee Schwendner | 0.50 | 235 | 117.50 |
| 09/20/11 | Lee Schwendner | 0.50 | 245 | 122.50 |
| 10/25/11 | Lee Schwendner | 1.00 | 245 | 245.00 |
| 01/11/12 | Lee Schwendner | .25 | 245 | 61.25 |
| 01/13/12 | Lee Schwendner | .75 | 245 | 183.75 |
| 02/08/12 | Lee Schwendner | .25 | 245 | 61.25 |
| 02/17/12 | Araceli Escobedo | 1.00 | 50 | 50.00 |
|  |  |  |  | 841.25 |